# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **RITA DOTY**, | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **COLUMBIA DEBT RECOVERY, LLC,** | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff alleges:

## INTRODUCTION

1. Plaintiff, RITA DOTY, brings this action against Defendant COLUMBIA DEBT RECOVERY, LLC, under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and under the Washington Fair Debt Collection Practices

**COMPLAINT** – 1

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

ACT RCW 19.16.100 *et al.* ("WFDCPA").

2. Plaintiff brings this action individually seeking redress for Defendant's actions of using false, deceptive, misleading representation and abusive means in connection with the collection of an alleged debt.

3. Plaintiff seeks statutory and punitive damages, injunctive and declaratory relief, and attorneys' fees and costs.

4. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." Id.  Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

5. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer

**COMPLAINT** – 2

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

protection laws were inadequate, id. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION

6. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the state of Washington and violated Plaintiff's rights under the FDCPA and WFDCPA in the state of Washington as alleged more fully below.

7. Venue is proper this district under 28 U.S.C. 1391(b) because Defendant conducts business in this district, and all of the facts underlying this claim occurred in this district.

## PARTIES

8. Plaintiff is a resident of the State of Washington and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9. Defendant is a collection agency with its registered agent, Rowland Avenue Management, located at 906 SE Everett Mall Way, Suite 301, Everett, Washington 98208.

## FACTUAL ALLEGATIONS

**COMPLAINT** – 3

10. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

11. Some time prior to November 7, 2019 an obligation was allegedly incurred to AXIS.

12. The AXIS obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, medical or household purposes.

13. The alleged AXIS obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14. AXIS is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

15. AXIS or subsequent owner of the AXIS debt contracted the Defendant to collect the alleged debt.

16. On or about November 7, 2019 the Defendant placed a telephone call to the Plaintiff in an attempt to collect the alleged AXIS debt.

17. The November 7, 2019 telephone call is a "communication" as defined by 15 U.S.C. §1692a(2).

18. Shortly after the telephone call between Plaintiff and Defendant, Plaintiff

**COMPLAINT** – 4

received a text message on her personal cellular phone from Defendant's representative.

19. The November 7, 2019 text message is a "communication" as defined by 15 U.S.C. §1692a(2).

20. The text message stated as follows: "Bitch your stupid af, and ur getting sued dumb ass"

21. The text message further stated: "Lmao it's funny u know how to spell but don't know the about property debt lmao they know where u work and will garnish your checks until they get their money lmao Good luck."

22. The Plaintiff, a single mother, was extremely frightened by this message and did not know how Defendant's representative obtained her personal phone number.

23. Shortly following receipt of the November 7, 2019 text message, Plaintiff called Defendant to inform them of the text message she had received.

24. Defendant initially denied any wrongdoing by the representative; then later admitted to Plaintiff that one of its collectors must have become over-excited, and that it was really "no big deal."

**COMPLAINT** – 5

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

25. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

27. By sending obscene and harassing text messages to Plaintiff, Defendant caused the Plaintiff significant emotional harm.

28. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

30. Defendants' debt collection efforts attempted and/or directed towards

COMPLAINT – 6

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C.§ 1692e.

31. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

32. The Defendant violated said section in its communication to the Plaintiff by:

   a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;

   b. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

   c. Threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 1692e(5).

33. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

COMPLAINT – 7

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 16 U.S.C. §1692d *et seq.*

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

36. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

37. Defendant violated said section in its communication to the Plaintiff by using obscene or profane language the natural consequence of which is to abuse the reader in violation of 1692d(2).

38. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

**COMPLAINT** – 8

## VIOLATIONS OF THE WASHINGTON FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the WFDCPA, including but not limited to RCW 19.16.250.

41. Defendant violated said section by communicating with the consumer in a manner as to harass, threaten and intimidate the consumer and by using offensive language.

42. Defendant further violated said section by threatening to take action against the consumer which the debt collector cannot legally take at the time the threat is made.

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated the WFDCPA, and for actual damages, statutory damages, costs and attorneys' fees.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

**COMPLAINT** – 9

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

a) For statutory damages under the FDCPA and/or WFDCPA

b) For costs of this action, including reasonable attorneys' fees and expenses.

c) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury on all issues so triable.

DATED this 14th of April 2020.

                    Respectfully submitted,

                    By: /s/ Michael Brubaker
                    Michael Brubaker, WSBA #49804
                    Brubaker Law Group, PLLC
                    14506 NE 184th Place
                    Woodinville, WA 98072
                    (206) 335-8746
                    michael@brubakerlawgroup.com

                    ***ATTORNEYS FOR PLAINTIFF***

**MARCUS & ZELMAN, LLC**
Ari M. Marcus, Esq. (applying for admission pro hac vice)
Yitzchak Zelman, Esq. (applying for admission pro hac vice)
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712

**COMPLAINT** – 10

Ari@MarcusZelman.com
(732) 695-3282
Fax: (732) 298-6256

**COMPLAINT** – 11

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com